**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| Anthony Randolph, | : | NO. 3:24:CV-01899 (OAW) |
| *Plaintiff*, | : | |
| | : | |
| v. | : | |
| | : | |
| Lieutenant Michael Pearson, | : | |
| *Defendant*. | : | July 20, 2026 |

### Reply in Support of Lieutenant Michael Pearson's Motion to Dismiss

Plaintiff's Opposition, ECF No. 29, fails to refute the grounds raised in Lieutenant Pearson's Motion to Dismiss. *See* ECF Nos. 22 and 22-1. Lieutenant Pearson maintains the arguments he previously raised in his Motion to Dismiss and submits this Reply to address Plaintiff's contentions that (1) "grievances ha[ve] been sent in a timely manner," ECF No. 29 at 3, and (2) Lieutenant Pearson is not entitled to qualified immunity. *See id.* at 2-3. Plaintiff's arguments fail.

### I.    Plaintiff Fails to Demonstrate that he Plausibly Exhausted Various Claims.

This Court should dismiss Plaintiff's threat of poisoning, excessive force, Fourth Amendment, procedural due process, and First Amendment retaliation claims because he has failed to refute Lieutenant Pearson's contention that the face of the Complaint establishes the implausibility of Plaintiff having fully and properly exhausted those claims. *See Milner v. Lupis*, 2024 U.S. Dist. LEXIS 5859, at *3-4 (D. Conn. Jan. 11, 2024) (OAW). Generally speaking, "defendants bear the initial burden of establishing . . . that a grievance procedure exists and applies to the underlying dispute." *Hubbs v. Suffolk Cty. Sheriff's Dep't*, 788 F.3d 54, 59 (2d Cir. 2015). Meeting that bar then "shift[s] the burden to [the plaintiff] to show that the grievance process was 'not in fact available to him.'" *Coley v. Garland*, 2024 U.S. App. LEXIS 4923, at *5 (2d Cir. Mar.

1

1, 2024) (summary order) (quoting *Saeli v. Chautauqua Cnty.*, 36 F.4th 445, 453 (2d Cir. 2022)), *cert. denied*, 145 S. Ct. 215 (2024).

Plaintiff does not dispute that the face of the Compliant establishes the implausibility of him having fully and properly exhausted available administrative remedies. *See* ECF No. 22-1 at 10-16. Nor does he dispute that Lieutenant Pearson demonstrated a grievance procedure existed and applied to each of the above-mentioned five claims. *See Hubbs*, 788 F.3d at 59. Plaintiff's failure to dispute such points is significant because, as Lieutenant Pearson argued, Plaintiff could not have plausibly exhausted available administrative remedies in the time between the incidents giving rise to his claims and filing this lawsuit. *See* ECF No. 22-1 at 10-16. The incidents underlying the above-mentioned five claims allegedly occurred between November 18 and November 27, 2024—i.e., between five and fourteen days before Plaintiff commenced this action. *See generally* ECF Nos. 1, 15. That is far shorter than the seventy-five business days that the process set forth in Administrative Directive 9.6 ("A.D. 9.6") typically takes to complete. *See Harvin v. Chapdelaine*, 2016 U.S. Dist. LEXIS 170509, at *7 (D. Conn. Dec. 9, 2016) (VAB). It is therefore implausible that Plaintiff could have exhausted the available administrative remedies prior to bringing suit. *See also Pearson v. Cappelli*, 2026 U.S. Dist. LEXIS 66367, at *10-11 (S.D.N.Y. March 26, 2026) (KMK)  (dismissing inmate's claims because, "[f]rom the face of his Complaint, it is implausible Plaintiff could have completed this entire process in the three-plus weeks between the incident and when he brought this Action").

Additionally, Plaintiff has not offered any cogent argument that he plausibly exhausted each of the above-mentioned five claims or that administrative remedies were in fact unavailable. *See, e.g., Milner*, 2024 U.S. Dist. LEXIS 5859, at *5-6. His only response is that "grievances ha[ve] been sent in a timely manner." ECF No. 29 at 3. That response is conclusory and, therefore,

2

insufficient to demonstrate that he plausibly exhausted the above-mentioned five claims. *See Bradshaw v. Piccolo*, 772 F. Supp. 3d 331, 347 (W.D.N.Y. 2025) (rejecting inmate's "own conclusory statements" when evaluating exhaustion defense). Plaintiff's contention also fails to address, much less counter, Lieutenant Pearson's argument that the allegations arise in a timeframe that could not plausibly have allowed Plaintiff to exhaust available administrative remedies. And even if this Court credited Plaintiff's conclusory assertion that "grievances ha[d] been *sent* in a timely manner," ECF No. 29 at 3 (emphasis added), that says nothing about Plaintiff having fully and properly *exhausted* A.D. 9.6's administrative process before commencing this lawsuit.[1] *See Pearson*, 2026 U.S. Dist. LEXIS 66367, at *10 ("Exhaustion requires seeing these procedures *through to the end*.") (emphasis added). Put simply, Plaintiff has not rebutted Lieutenant Pearson's contention that the face of the Complaint demonstrates the implausibility of Plaintiff having fully and properly exhausted available administrative remedies.

## II. Plaintiff's Sexual Harassment Claim Does Not Implicate a Clearly Established Right.

This Court should dismiss Plaintiff's sexual harassment claim because it does not implicate a right established "beyond debate." *Matusak v. Daminski*, 165 F.4th 702, 712 (2d Cir. 2026) (internal quotation marks omitted). In Plaintiff's own words, his sexual harassment claim arises from Lieutenant Pearson allegedly "insisting a female holds the camera as a prisoner is maced up

---

[1] Plaintiff attached to another filing in this case a November 19, 2024 grievance that was "rejected," a January 13, 2024 medical grievance, and an October 21, 2024 grievance that was "rejected[.]" *See* ECF No. 27 at 3-5. Those materials, even if considered by this Court in adjudicating Lieutenant Pearson's Motion to Dismiss, support rather than undermine Lieutenant Pearson's contention regarding the implausibility of Plaintiff having fully and properly exhausted available administrative remedies. For example, the grievances Plaintiff attached to ECF No. 27 predate most—if not all—of the incidents underlying the legal claims in this lawsuit. *Compare id.* at 3-5 (dates of grievances), *with* ECF No. 22-1 at 7-9 (noting that claims underlying this lawsuit occurred between November 18 and November 27, 2024). Nor do those grievances assert that Plaintiff was retaliated against for having filed grievances against DOC nurses. *See* ECF No. 22-1 at 8-9. So, even if this Court considered the materials attached to ECF No. 27, they fail to undermine Lieutenant Pearson's contention that Plaintiff could not have plausibly exhausted available administrative remedies with respect to the claims in this case.

and controlled strip searched by multiple officers[.]" ECF No. 29 at 4. But that "insistence" is unquestionably Lieutenant Pearson's alleged verbal conduct. Courts in this Circuit frequently recognize that verbal conduct alone does not state a claim under the Eighth Amendment. *See Baltas v. Erfe*, 2020 U.S. Dist. LEXIS 68759, at *81-82 (D. Conn. April 20, 2020) (MPS) (collecting cases); ECF No. 22-1 at 27-28.

Plaintiff may believe that Lieutenant Pearson "violate[d] federal laws," ECF No. 29 at 3, but that belief does not change that Plaintiff's verbal sexual harassment claim, on its face, does not implicate a clearly established right.  So, under the circumstances, Lieutenant Pearson is protected by qualified immunity.

**III.    Conclusion**.

This Court should dismiss the Complaint for the reasons outlined in Lieutenant Pearson's Motion to Dismiss. *See* ECF No. 22-1. Plaintiff's Objection should not change that outcome.

Respectfully submitted,

LIEUTENANT PEARSON

WILLIAM TONG
ATTORNEY GENERAL

BY: */s/ Elizabeth Lewis*
Elizabeth Lewis (ct32141)
Thadius Bochain (ct31367)
Assistant Attorneys General
Special Litigation Section
Attorney General's Office
165 Capitol Avenue
Hartford, CT 06106
860-808-5020 (phone)
860-808-5347 (fax)
Elizabeth.lewis@ct.gov
Thadius.bochain@ct.gov

**<u>Certificate of Service</u>**

I hereby certify that on July 20, 2026, a copy of the foregoing was electronically filed. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system. Additionally, a copy of the foregoing will be mailed to *pro se* Plaintiff, Anthony M. Randolph (#304309), Osborn Correctional Institution, 335 Bilton Road, P.O. Box 100, Somers, CT 06071.

*/s/ Elizabeth Lewis*
Elizabeth Lewis
Assistant Attorney General
